UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 25-1422-KK-SPx | Date: | August 20, 2025 |
|---|---|---|---|
| Title: | *Mark Anthony McGill v. Walgreens Co. et al.* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE**

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 17]

## I.
## INTRODUCTION

On April 8, 2025, plaintiff Mark A. McGill ("Plaintiff") filed the operative First Amended Class Action Complaint ("FAC") in the Riverside County Superior Court against defendants Walgreens Co., Walgreens Boots Alliance, Inc. ("Walgreens Defendants"), James Titus, and Does 1 through 100 (collectively, "Defendants"), alleging various California labor law violations. See ECF Docket No. ("Dkt.") 2-1, Ex. C, FAC. On June 6, 2025, Walgreens Defendants removed the action to this Court, invoking original diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Dkt. 2, Notice of Removal ("NOR"). On July 7, 2025, Plaintiff filed the instant Motion to Remand ("Motion"). Dkt. 17, Motion ("Mot.") at 2.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## II.
## BACKGROUND

On January 13, 2025, Plaintiff initiated this action by filing a Class Action Complaint in Riverside County Superior Court. Dkt. 2-1, Ex. A. On April 8, 2025, Plaintiff filed the operative FAC in Riverside County Superior Court. FAC. The FAC raises the following alleged violations of state law: (1) failure to pay all wages; (2) failure to provide meal periods; (3) failure to provide rest

periods; (4) failure to provide recovery periods; (5) failure to implement heat prevention and maintain legal temperature controls; (6) failure to provide accurate itemized wage statements; (7) failure to pay waiting time penalties; (8) failure to reimburse for necessary business expenditures; (9) violation of California's quota laws; (10) unfair business practices in violation of Business and Professions Code Section 17200 et seq. ("UCL"); and (11) enforcement of the Private Attorney General Act ("PAGA").  FAC ¶¶ 2, 54-181.

As alleged in the FAC, Plaintiff is a California citizen formerly employed by Defendants.  Id. ¶ 5.  Plaintiff brings the instant action on behalf of:

> All current and former non-exempt employees employed by Defendants in the State of California within four years prior to the filing of this action to the date of class certification.

Id. ¶ 28.  According to Plaintiff, during his employment with Defendants, Defendants failed to pay him certain wages; provide legally required meal, recovery, and rest breaks; record accurate itemized wage statements; reimburse for necessary business expenditures; and comply with workplace temperature regulations.  Id. ¶¶ 43-44.

On June 6, 2025, Walgreens Defendants filed a Notice of Removal pursuant to CAFA, 28 U.S.C. § 1332.  NOR.  Walgreens Defendants assert the amount in controversy exceeds CAFA's $5,000,000 minimum amount-in-controversy requirement.  NOR at 4.  In support of their Notice of Removal, Walgreens Defendants filed the declarations of Anahi Cruz and Alcia Musgrove.  Dkts. 2-1, 2-2.

On July 7, 2025, Plaintiff filed the instant Motion, arguing Walgreens Defendants fail to prove by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.  Mot. at 13-18.  Plaintiff further argues this Court cannot assert supplemental jurisdiction over the PAGA claim or equitable jurisdiction over the unfair business practices claim.  Mot. at 18-21.

On July 24, 2025, Walgreens Defendants filed an Opposition and Request for Judicial Notice.  Dkt. 21, 22.  In support of their Opposition, Defendants filed the declaration of Maxime Joy.  Dkt. 21-1, Declaration of Maxime Joly ("Joly Decl.").

On July 31, 2025, Plaintiff filed a Reply and Request for Judicial Notice.[1]  Dkt. 25, 26.  This matter, thus, stands submitted.

///

///

---

[1] Walgreens Defendants request the Court take judicial notice of a January 10, 2025 PAGA letter, two declarations of David D. Bibiyan, and one declaration of Ryan J. Clarkson.  Dkt. 22.  Plaintiff requests this Court take judicial notice of a May 7, 2025 amended PAGA letter.  Dkt. 26.  However, the Court need not rely on the documents, nor do they alter the Court's determination of the Motion.  Accordingly, Walgreens Defendants' and Plaintiff's Requests for Judicial Notice are **DENIED AS MOOT**.

## III.
## LEGAL STANDARD

Any civil action brought in state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district where such action is pending. 28 U.S.C. § 1441(a). The action may be remanded to state court, however, on the "basis of any defect" or "lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). "When the plaintiffs' motion to remand raises a factual challenge by 'contest[ing] the truth of the [remover's] factual allegations,'" "[t]he remover 'bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met.'" DeFiore v. SOC LLC, 85 F.4th 546, 552-53 (9th Cir. 2023) (quoting Leite v. Crane Co., 749 F.3d 1117, 1121-22 (9th Cir. 2014)).

## IV.
## DISCUSSION

A. **THE COURT HAS JURISDICTION UNDER CAFA OVER PLAINTIFF'S LABOR CODE VIOLATION AND UCL CLAIMS**

   1. **Applicable Law**

CAFA vests federal courts with original diversity jurisdiction over class actions where: (1) there are at least 100 class members; (2) any class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000. Brinkley v. Monterey Fin. Servs., Inc., 873 F.3d 1118, 1121 (9th Cir. 2017) (citing 28 U.S.C. §§ 1332(d)(2), (5)(B)). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). The statute was designed "to be interpreted expansively." Id. (citing S. Rep. No. 109-14, at 42 (Feb. 28, 2005)); see also Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 992-93 (9th Cir. 2022) ("CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.") (quoting Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014)). Thus, while "a presumption against federal jurisdiction exists in the usual diversity case, no antiremoval presumption attends cases invoking CAFA." Greene v. Harley-Davidson, Inc., 965 F.3d 767, 772 (9th Cir. 2020).

"Where, as here, a plaintiff's state court complaint does not specify a particular amount of damages, the removing [party] bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the threshold at the time of removal." Canela v. Costco Wholesale Corp., 971 F.3d 845, 849 (9th Cir. 2020) (quoting Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)). Because the amount in controversy "is simply an estimate" rather than a "prospective assessment," however, the defendant "need not present evidence of what its ultimate liability will be." Perez v. Rose Hill Co., 131 F.4th 804, 808 (9th Cir. 2025) (quoting Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010)). Instead, the defendant's calculations may "rely on a chain of reasoning that includes assumptions." Id. (citation modified) (quoting Arias v. Residence Inn by Marriott, 936 F.3d 920, 925 (9th Cir. 2019)). While such assumptions "cannot be pulled from thin air, they can be founded on the allegations of the

complaint." Id. (citation modified); Ibarra, 775 F.3d at 1197 ("[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions.").

District courts must "determine if the defendant's reasoning and underlying assumptions are reasonable." Perez, 131 F.4th at 808 (quoting Jauregui, 28 F.4th at 993). Whether an assumption is reasonable "may depend on which element of the amount-in-controversy calculation is at issue." Id. "[A]n assumption is not unreasonable simply because another equally valid assumption may exist." Id.; see also Arias, 936 F.3d at 927 ("An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite . . . amount,' as the district court reasoned." (quoting Lewis, 627 F.3d at 401)). To the contrary, if the plaintiff "believe[s] that some other assumption . . . [is] more reasonable," they are more than "free to propose [it]." Perez, 131 F.4th at 810. Only when the defendant's "interpretation of the allegations in the complaint [is] unreasonable," is the defendant required to submit competent evidence. Id. at 809. "After considering any evidence put forth by the parties, and assessing the reasonableness of the defendant's assumptions, 'the court then decides where the preponderance lies.'" Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020) (quoting Ibarra, 775 F.3d at 1198).

### 2. Analysis

Here, the parties only dispute whether the amount in controversy is satisfied. Therefore, the Court only analyzes whether the amount in controversy is met under CAFA.

The Notice of Removal asserts Plaintiff has "'plausibly' put into controversy an amount that easily exceeds the $5 million threshold when aggregating the claims of the putative class members." NOR ¶ 25. In support of their Opposition, Walgreens Defendants provide the declaration of their data analytics manager, Maxime Joly, which provides that during the Class Period, non-exempt Walgreens employees: (1) "worked at least 851,215 shifts exceeding five hours," (2) worked "at least 882,678 shifts of at least 3.5 hours in length," and (3) earned an "average final base rate . . . [of] approximately $20.04." Joly Decl., ¶¶ 5-6, 9. Based on this data and an assumed 20% percent violation rate, Walgreens Defendants estimate Plaintiff's meal and rest break violation claims place at least $6,949,443.14 in controversy. Opp. at 13.

Plaintiff argues, among other things, that Walgreens Defendants' amount-in-controversy calculations for the alleged meal and rest break violations are inflated for two reasons. Reply at 7. First, Plaintiff challenges Walgreens Defendants' use of language from a January 10, 2025 PAGA notice, claiming it is "outdated" and thus "non-operative."[2] Id. Second, Plaintiff argues Walgreens Defendants' assumption of a 20% violation rate is also unreasonable based on the Complaint's language. Id.

---

[2] Plaintiff asks the Court to refer to a May 7, 2025 amended PAGA letter instead. Reply at 6. According to the January 10, 2025 PAGA letter, Walgreens Defendants had a "policy or practice of compelling its [employees] . . . during the PAGA period to every day work" without being afforded meal and rest periods. Dkt. 22 at 3-4. However, the amended PAGA letter alleges Walgreens Defendants "regularly required" employees to miss their meal periods and "routinely compelled [employees] to work through their 10-minute work break." Dkt. 26 at 7-8. Regardless, as discussed, the Court need not address this issue because the Court finds Walgreens Defendants' assumption of a 20% violation rate for Plaintiff's meal and rest break violation claims is reasonable.

Even assuming that reliance on the January 10, 2025 PAGA notice is unreasonable, the Court finds Walgreens Defendants' assumption of a 20% violation rate to be reasonable based on the allegations in the Complaint. See Perez, 131 F.4th at 808 ("[A] CAFA defendant can most readily ascertain the violation rate by looking at the plaintiff's complaint."). Walgreens Defendants specifically point to the phrase "at times" in support of its assumption of a 20% violation rate. Opp. at 13 ("Plaintiff seeks meal and rest period premiums based on their allegations that Defendant 'at times' failed to provide compliant meal and rest breaks."). Courts in this district have found that assuming a 20% violation rate from the phrase "at times" is a "reasonable interpretation of the complaint." Perez, 131 F.4th at 809; see, e.g., Jennings v. Northrop Grumman Corp., No. 24-cv-7212-FMO-Ex, 2025 WL 1940576, at *4 (C.D. Cal. July 14, 2025) (finding a 25% waiting time penalty violation rate consistent with "at times"); Duncan v. Baxalta US Inc., No. 24-cv-09388-RGK-ASx, 2025 WL 40482, at *2 (C.D. Cal. Jan. 7, 2025) (finding a 20% meal and rest period violation rate consistent with "at times"); Ross v. Tata Consultancy Servs. Ltd., No. 24-cv-0798-FMO-SSCx, 2024 WL 4122273, at *3 (C.D. Cal. Sept. 9, 2024) (same); see also Bonetti v. TriStruX LLC, No. 24-cv-01319-LB, 2024 WL 3225905 (N.D. Cal. June 27, 2024) (same).

Plaintiff's argument that "[it] would be just as consistent with the complaint to assume a frequency of once-per month, or possibly once-per-quarter," dkt. 25 at 7, has been squarely rejected by the Ninth Circuit. See Perez, 131 F.4th at 810 (explaining that a violation rate is not automatically rendered unreasonable merely because "the phrase 'at times' could support a lower violation rate as easily as it could support the violation rate that [Defendant] assumed"). Indeed, Plaintiff "was free to propose" some other assumption they believed would have been more reasonable or "to use some more specific phrase than 'at times' when drafting the complaint." Id. Only then could the Court "weigh[] the evidence and arguments in deciding which assumption was more appropriate." Id.

Thus, based on Walgreens Defendants' data and assumed 20% percent violation rate, the amount in controversy exceeds the $5,000,000 jurisdictional threshold. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand for lack of subject matter jurisdiction.[3]

///

///

---

[3] Plaintiff further argues that, even assuming original jurisdiction over his labor code violation claims, this Court should not exercise supplemental jurisdiction over his PAGA claim because "the real party in interest[, the State of California,] is not a citizen for diversity purposes." Mot. at 19. The Court is not persuaded. Plaintiff fails to cite any authority supporting this proposition—i.e., that involves a class action with original jurisdiction under CAFA, which requires only minimal diversity rather than complete diversity. See Canela, 971 F.3d at 850 (distinguishing CAFA's "relaxed diversity" requirements from that of traditional diversity jurisdiction). Moreover, Plaintiff's "combined state and federal claims form part of the same 'case or controversy' and share a 'common nucleus of operative fact.'" Ho v. Russi, 45 F.4th 1083, 1086 (9th Cir. 2022) (citing Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003)). Thus, the Court will exercise supplemental jurisdiction over Plaintiff's PAGA claim.

**B.     THE COURT WILL NOT REMAND PLAINTIFF'S UCL CLAIM**

   **1.     Applicable Law**

"[T]he UCL provides only for equitable remedies." Hodge v. Superior Ct., 145 Cal. App. 4th 278, 284 (2006).  Thus, "[i]n order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1313-14 (9th Cir. 2022) (citing Sonner v. Premier Nutrition Corp., 971 F.3d 834, 834-44 (9th Cir. 2020)).  Equitable jurisdiction, however, "is distinct from subject matter jurisdiction." Id. at 1314.  "Subject matter jurisdiction regards 'whether consistently with the principles governing equitable relief the court may exercise its remedial powers.'" Id. (quoting Schlesinger v. Councilman, 420 U.S. 738, 754 (1975)).  Pursuant to 28 U.S.C. § 1447(c) ("Section 1447(c)"), district courts may remand a "case" where there is a "defect" or "lack of subject matter jurisdiction." 28 U.S.C. § 1447(c).

   **2.     Analysis**

Here, Plaintiff contends this Court lacks equitable jurisdiction over his UCL claim, which seeks equitable relief in the form of restitution and "does not plead [the] lack[ of] an adequate legal remedy." Mot. at 20.  Plaintiff thus requests remand of just the UCL claim or, alternatively, the entire case under Section 1447(c).[4] Id. at 20-21; Reply at 10.

However, the plain language of Section 1447(c) does not contemplate remanding a case for lack of equitable jurisdiction. See 28 U.S.C. § 1447(c) (establishing a 30-day deadline to remand for "any defect other than lack of subject matter jurisdiction").  Equitable jurisdiction is creature of "federal common law," Guzman, 49 F.4th at 1313, and thus cannot constitute a "defect," which the Ninth Circuit has limited to "failure[s] to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441-1453," Kamm v. ITEX Corporation, 568 F.3d 752, 755 (9th Cir. 2009). See also Graphic Commc'ns Loc. 1B Health & Welfare Fund A v. CVS Caremark Corp., 636 F.3d 971, 975 (8th Cir. 2011) (limiting "defects" to "removal defects, rather than any removable ground").  In addition, "[e]quitable jurisdiction is distinct from subject matter jurisdiction."

---

[4] Plaintiff also cites various cases and argues this Court should exercise its discretion to remand the UCL claim or, alternatively, the entire case.  Reply at 21.  However, neither remedy would be appropriate.  First, a case may not be remanded "in its entirety where there is subject matter jurisdiction over some portion of it." Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1002 (9th Cir. 2001) (citing Wisc. Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998)); see also Schacht, 524 U.S. at 391 (rejecting the argument that Section 1447(c) allows for remand of every claim if the district court lacks subject matter jurisdiction over any claim).  Second, "[n]either the Ninth Circuit nor the Supreme Court has permitted a partial remand in the face of original [(i.e. subject matter)] jurisdiction." Kim v. Walmart, Inc., No. 22-cv-08380-SB-PVC, 2023 WL 196919, at *3 (C.D. Cal. Jan. 13, 2023); see also Huerta v. CSI Elec. Contractors, Inc., No. 18-cv-06761-BLF, 2025 WL 2076631, at *2 (N.D. Cal. July 23, 2025) ("It is unclear whether the Court has authority to order a partial remand of the UCL claim for lack of equitable jurisdiction.").  Finally, Plaintiff does not argue his state law claim is at risk of forfeiture. See Lee, 260 F.3d at 1006-07 (noting that remanding could be favored where the "plaintiff might forfeit an otherwise viable state-law claim" due to improper removal).

Accordingly, even assuming this Court has the authority to remand for lack of equitable jurisdiction, the Court declines to exercise such discretion.

Guzman, 49 F.4th at 1314.  Hence, it necessarily follows that a lack of equitable jurisdiction is not a ground for remand under Section 1447(c), and the Court need not remand only Plaintiff's UCL claim, let alone the entire case.  See, e.g., Treinish v. iFit Inc., No. 22-cv-4687-DMG-SKx, 2022 WL 5027083 (C.D. Cal. Oct. 3, 2022) (concluding "Section 1447(c) does not provide an adequate legal justification to remand").

Thus, the Court lacks authority to remand Plaintiff's UCL claim for lack of equitable jurisdiction.  Accordingly, the Court **DENIES** Plaintiff's Motion to Remand for lack of equitable jurisdiction.[5]

## V.
## CONCLUSION

For the reasons set forth above, the Court has subject matter jurisdiction over Plaintiff's claims.  Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED**.

---

[5] The Court notes Walgreens Defendants does not rebut Plaintiff's argument that equitable jurisdiction over the UCL claim is lacking.  See Opp. at 19-20.  To avoid a perpetual loop of dismissal—filing in state court, removal, and yet another motion to remand—the Court encourages the parties to consider stipulating to dismissal without prejudice or remand of Plaintiff's UCL claim.  See Treinish, 2022 WL 5027083, at *5 ("[The parties] might be wise to stipulate to a remand and avoid briefing the motion to dismiss the UCL claim.").